UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,                              No. 15-cr-20040
                    Plaintiff,

v.                                                     Hon. Judith E. Levy

Jimmy Joseph McWherter,
                    Defendant.

---

**United States' Combined Response and Brief Opposing Defendant McWherter's Motion for Court Order Granting Immediate Release to Home Confinement Pursuant to the CARES Act**

---

NOW COMES THE UNITED STATES OF AMERICA, and in response to Defendant Jimmy Joseph McWherter's *Motion for Court Order Granting Immediate Release to Home Confinement Pursuant to the CARES Act*, alleges and states as follows:

1.        Jimmy Joseph McWherter pleaded guilty to being a leader within a large-scale marijuana drug trafficking conspiracy in violation of 21 U.S.C. §§ 841 and 846, and money laundering in violation of 18 U.S.C. §§ 1956 and 1957. (ECF No. 97, Plea Agreement, PageID 1003, 1019; ECF No. 164, Judgment, PageID 1927). After a series of motions, this Court sentenced, and then eventually resentenced McWherter to 47 months' imprisonment.

1

(ECF No. 164, Judgment, PageID 1927; Exh. 1, Public Information Inmate Data, at 2).

2.       McWherter began serving his sentence on August 14, 2019. (Exh. 1, Public Information Inmate Data, at 2, 3). Less than 10 months later, in early June 2020, he ostensibly filed the instant *Motion for Court Order Granting Immediate Release to Home Confinement Pursuant to the CARES Act*, though it was not received by the Court, filed on the docket, or backdated until the latter part of July 2020. (ECF No. 249, Motion for Court Order Granting Home Confinement Under the CARES Act).

3.       Significantly, McWherter's motion wholly focuses upon and challenges the manner in which his institution, FCI Loretto, and BOP are exercising their authority under the CARES Act to release inmates to home confinement. In his motion, McWherter observes and complains, "Attorney General Barr . . . instructed the [BOP] agency to 'prioritize the use of . . . home confinement for inmates' in response to Corona Virus," but "the prison is not following the instructions sent to them by the Attorney General." (ECF No. 249, Motion for Court Order, PageID 4341, 4349).

2

McWherter further claims and argues, "BOP is not even following its own arbitrarily created guidelines of prioritization. Let alone the Attorney General's broader recommendations." (ECF No. 249, Motion for Court Order, PageID 4351-52).

4.      McWherter requests this Court issue an order directing BOP to release McWherter to home confinement under the CARES Act on the asserted ground that that he meets all of the requirements for release to home confinement set out in Attorney General Barr's March 26, 2020 memorandum, and all but one of the criteria required and relied upon by BOP.  (ECF No. 249, Motion for Court Order, PageID 4353). Pointedly, nowhere within his motion or supplemental filing does McWherter claim to seek a reduction of his sentence based on the separate ground of compassionate release. *See,* 18 U.S.C. § 3582(c)(1)(A).

5.      Instead, citing only the CARES Act as the statutory authority for his request, McWherter asks this Court to "*order*[] the BOP to release me to home confinement even though I do not qualify under the BOP policy." (ECF No. 249, Motion for Court Order, PageID 4349, 4352-53, emphasis added; ECF No. 250,

Supplement, PageID 4357).

6.       "[T]his Court and others have recognized that the authority to place a prisoner in home confinement is given to the BOP, through Attorney General delegation." *Miller v. United States*, 2020 U.S. Dist. LEXIS 62421, at *4-5 (E.D. Mich. Apr. 9, 2020). "[T]he authority to make this determination [to place a prisoner in home confinement] is squarely allocated to the Attorney General, under whose authority is the Bureau of Prisons." *United States v. Doshi*, No. 13-cr-20349, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020); *cf., Tapia v. United States*, 564 U.S. 319, 331 (2011) (holding "[w]hen a court sentences a federal offender the BOP has plenary control, subject to statutory constraints, over 'the placement of the prisoner's imprisonment,' [18 U.S.C.] § 3621(b)]"). "There seems little doubt that the location of a defendant's place of incarceration is a determination solely for the BOP, not the courts." *United States v. Read*, 2020 WL 3103983, at *1 (M.D. Fla. June 11, 2020); *cf., United States v. Mansaray*, 2020 WL 3077184, at *3 (E.D. Pa. June 10, 2020) ("The Congress did not provide the Courts with the authority to review the BOP

Director's decision whether to release inmates into home
confinement at an earlier time under the CARES Act. [Citations.]
This discretion rests solely with the Attorney General and the
BOP Director").

7.      Because this Court does not have authority to review BOP's
administrative decision about whether to transfer McWherter to
home confinement pursuant to the CARES Act, his motion should
be denied for lack of jurisdiction.

8.      Beyond dismissing McWherter's motion based on a lack of
jurisdiction, seemingly, McWherter's motion should also be denied
as moot. According to BOP records, between the date when
McWherter 'filed' his motion in early June 2020, and the date
when the Court received and docketed the motion near the very
end of July, the BOP Unit Team assigned to McWherter at FCI
Loretto met with him, on July 15, 2020, and prepared a "Summary
Reentry Plan - Progress Report" referring McWherter for "home
confinement placement due to the COVID19 pandemic," even
though "he does not meet all eligibility criteria." (Exh. 2,
Summary Reentry Plan, at 3). As part of the report, the BOP Unit

Team formally recommended McWherter complete his sentence on home confinement. (Exh. 2, Summary Reentry Plan, at 3).

9.    On the same day of their meeting, July 15, 2020, McWherter's summary reentry plan and progress report appears to have been signed by McWherter's case manager, BOP Unit Team chairperson, and McWherter himself. (Exh. 2, Summary Reentry Plan, at 4). As noted, however, McWherter's *pro se* motion, previously submitted in June, as well as his supplemental brief, were already in the gradual process, given present circumstances, of being received, filed, and docketed by the Court without further input by McWherter.

10.   Presently the government awaits confirmation from BOP concerning McWherter's reported referral for placement in home confinement, and a status update concerning any actual placement due to occur. Regardless of that confirmation and update, however, for the reasons previously stated, even now, McWherter's motion should simply be denied. *Cf.*, *United States v. Spencer*, 2020 WL 3047439, at *5 (N.D. Ohio June 8, 2020) ("The fact that the BOP continues to identify vulnerable inmates for

6

release to home confinement represents further proof that it is in
the best position to quickly consider whether the relief Spencer
now seeks is appropriate").

## Conclusion

McWherter's motion seeking a court order requiring BOP to
immediately release him to home confinement should be denied.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney


*s/ Carl D. Gilmer-Hill*
CARL D. GILMER-HILL
Assistant United States Attorney

Dated:  August 14, 2020