# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                Plaintiff,

v.

Jimmy Joseph McWherter,

                Defendant.

_____/

Case No. 15-20040

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR HOME CONFINEMENT UNDER THE CARES ACT [249]

Defendant Jimmy Joseph McWherter pleaded guilty to conspiracy to distribute and to possess with intent to distribute over 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vii) (Count 1) and conspiracy to launder monetary instruments in violation 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i)–(ii), 1957 (Count 3). (ECF No. 164, PageID.1927.) The Court sentenced Defendant to 47 months on Count 1 and Count 3 to run concurrently. (ECF No. 248, PageID.4333.)

Defendant began serving his sentence on August 14, 2019 (ECF No. 251-1, PageID.4396), and is currently incarcerated at the Satellite Prison Camp at Federal Correctional Institution (FCI) Loretto in Loretto, Pennsylvania (*see* ECF No. 249, PageID.4349). His current release date is projected to be December 11, 2022. (ECF No. 251-1, PageID.4395.)

On June 6, 2020, Defendant moved for home confinement and compassionate release.[1] (*See* ECF No. 249, PageID.4349–4354; ECF No. 250, PageID.4357–4358, 4367.) The Clerk received Defendant's motion and supplemental filing on July 17, 2020 and docketed both filings on July 29, 2020. The Government responded on August 17, 2020 and

---

[1] The Court affords liberal construction to documents filed by unrepresented parties. *Finley v. Huss*, 723 F. App'x 294, 298 (6th Cir. 2018).

Defendant's initial pro se motion was captioned "MOTION FOR COURT ORDER GRANTING IMMEDIATE RELEASE TO HOME CONFINEMENT PURSUANT TO THE CARES ACT." (ECF No. 249, PageID.4341.) Regardless of this title, the motion discusses both home confinement and compassionate release. (*See id.* at PageID.4349–4354.) Defendant notes that he requested and was denied compassionate release by FCI Loretto's warden (*id.* at PageID.4351) and provides "Other Compassionate Release Factors" for the Court's consideration (*id.* at PageID. 4354). He also cites numerous cases that involve courts granting compassionate release to other incarcerated individuals under 18 U.S.C. § 3582(c)(1)(A). (*Id.* at PageID.4343–4349.) Moreover, Defendant's "Supplement to the Motion for Court Order Granting Immediate Release to Home Confinement Pursuant to the CARES Act *and Compassionate Release*" explicitly addresses the exhaustion element of a compassionate release motion (ECF No. 250, PageID.4357 (emphasis added)) and includes a copy of the warden's denial of his compassionate release request (*id* at PageID.4367).

Accordingly, the Court construes Defendant's motion, along with his supplemental filing, as a motion for home confinement under 18 U.S.C. § 3624(c)(2) and for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

2

opposed Defendant's motion.[2] (ECF No. 251.) On September 16, 2020, the Court appointed counsel for Defendant (ECF No. 256), and Defendant replied on October 16, 2020 (ECF No. 265).

For the following reasons, Defendant's motion is DENIED.

## I.   Home Confinement

The Court first construes Defendant's motion as a request for home confinement under 18 U.S.C. § 3624(c)(2).[3] Defendant alleges that FCI Loretto and the Bureau of Prisons (BOP) have not followed the Attorney General's directives related to home confinement. (*See, e.g.*, ECF No. 249, PageID.4349–4350; ECF No. 250, PageID.4362–4363.) The Government asserts that the Court does not have jurisdiction to review BOP's decisions on home confinement. (ECF No. 251, PageID.4392.) The Government further argues that Defendant's motion is moot because he was evaluated for home confinement on July 15, 2020, and the BOP Unit

---

[2] The Government's response addresses only the issue of home confinement and does not address compassionate release.

[3] Home confinement under 18 U.S.C. § 3624(c)(2) is not a change to the defendant's underlying sentence but is instead a form of prerelease custody that BOP *may* place the defendant in "for the shorter of 10 percent of the term of imprisonment . . . or 6 months."

3

Team recommended that he serve the remainder of his sentence in home confinement. (*Id.* at PageID.4392–4393; *see also* ECF No. 251-2.)

The decision to transfer an inmate to home confinement is a matter within the sole discretion of BOP, *see* 18 U.S.C. § 3624(c)(2), and is not subject to judicial review under the Administrative Procedure Act, *see* 18 U.S.C. § 3625. Although the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) expanded BOP's authority to place a prisoner in home confinement, it did not grant courts the authority to review those placement decisions. *See* Pub. L. No. 116-136, § 12003(b)(2) (Mar. 27, 2020); *see also United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) ("[T]he authority to grant home confinement remains solely with the Attorney General."); *United States v. Amarrah*, 458 F. Supp. 3d 611, 620 (E.D. Mich. 2020) ("The Court . . . does not have statutory authority to order that Defendant's current sentence[] be modified to home confinement.").

Accordingly, because the Court does not have the authority to grant Defendant's requested relief, Defendant's motion, to the extent it requests an order for home confinement under 18 U.S.C. § 3624(c)(2), is denied.

## II. Compassionate Release

The Court also construes Defendant's motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[4] There are two key questions of law in compassionate release cases: 1) whether the defendant has satisfied the statutory exhaustion requirement and 2) "whether extraordinary and compelling reasons, as well as the defendant's own history and characteristics, warrant a reduction of the defendant's sentence." *Amarrah*, 458 F. Supp. 3d at 615 (citing 18 U.S.C. § 3582(c)).

Defendant's request for compassionate release was denied by the warden on June 1, 2020. (ECF No. 250, PageID.4367.) The record is

---

[4] Compassionate release under 18 U.S.C. § 3582(c)(1)(A) is a modification to the defendant's term of imprisonment made by a court. If a court finds that the requirements of the statute are met, it *may* exercise its discretion and modify the defendant's sentence. *See United States v. Ruffin*, No. 20-5748, 2020 WL 6268582, at *4 (6th Cir. Oct. 26, 2020). During the COVID-19 pandemic, some courts granting compassionate release have converted the defendant's remaining sentence to a term of supervised release and imposed an initial term of home detention during that period. *See, e.g.*, *Amarrah*, 458 F. Supp. 3d at 620–621 (reducing defendant's sentence of imprisonment to time served, imposing a new term of supervised release of 75 months, and requiring the defendant to serve the first 12 months of supervised release under home detention (erroneously identified as "home confinement")); *c.f.* U.S.S.G. § 5F1.2 & n.1 (authorizing home detention as "a condition of probation or supervised release, but only as a substitute for imprisonment" and defining home detention as "a program of confinement and supervision that restricts the defendant to his place of residence continuously, except for authorized absences, enforced by appropriate means of surveillance by the probation office").

unclear on when the warden *received* Defendant's request. However, Defendant has met the exhaustion requirement because more than 30 days have elapsed since the warden's June 1 response. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.").

In assessing the merits of a motion for compassionate release the Court analyzes three substantive components: "1) whether extraordinary and compelling reasons warrant a reduction in sentence, as described by the United States Sentencing Commission; 2) whether the § 3553(a) factors . . . render the reduction inappropriate; and 3) whether Defendant would be a danger to the public." *United States v. Agomuoh*, No. 16-20196, 2020 WL 2526113, at *7 (E.D. Mich. May 18, 2020); *see also Ruffin*, 2020 WL 6268582, at *3–4.

Defendant's motion does not demonstrate extraordinary and compelling reasons for compassionate release. "The United States Sentencing Guidelines define 'extraordinary and compelling reasons' as 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care

6

within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Goston*, No. 15-20694, 2020 WL 5993235, at *2 (E.D. Mich. Oct. 9, 2020) (quoting U.S.S.G. § 1B1.13 n.1(A)). Within the context of the COVID-19 pandemic, a "[d]efendant must show that he has underlying medical conditions that increase his risk of a dire outcome from COVID-19." *United States v. Gandy*, No. 15-20338, 2020 WL 4592904, at *4 (E.D. Mich. Aug. 11, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

The Court acknowledges that incarcerated individuals like Defendant face an increased risk of contracting COVID-19 due to the conditions of their confinement. *See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention [CDC] (Oct. 21, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html [https://perma.cc/Y7ZP-DEME]. However, the Court cannot conclude from the current record that Defendant is among those most at risk for severe illness. Defendant's motion does not indicate any underlying medical condition—such as cancer, a serious heart condition, COPD, obesity (BMI between 30 and 40

7

kg/m²), severe obesity (BMI greater than or equal to 40 kg/m²) or sickle cell disease—that place him at an increased risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC (Oct. 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/MUG4-FDCG]. Nor does the current record reveal any conditions—such as moderate to severe asthma, hypertension, liver disease, or Type 1 diabetes—that may place him "at an increased risk for severe illness." *Id*. While Defendant's appointed counsel indicates that Defendant has suffered from obesity in the past and has a family history of diabetes, his reply does not offer any evidence regarding Defendant's current height, weight, BMI, or relevant blood sugar levels. (*See* ECF No. 265, PageID.4641.) As such, Defendant has not established extraordinary and compelling reasons for compassionate release, and the Court need not analyze the two remaining substantive components.

Accordingly, Defendant's motion, to the extent it requests compassionate release and a modification of his sentence under 18 U.S.C. § 3582(c)(1)(A), is denied. Should Defendant's conditions change, he may renew his motion for compassionate release with the Court.

### III.     Conclusion

For the reasons set forth above, Defendant's motion (ECF No. 249) is DENIED as to home confinement under 18 U.S.C. § 3624(c)(2) and DENIED WITHOUT PREJUDICE as to compassionate release under 18 U.S.C. § 3582(c)(1)(A).

IT IS SO ORDERED.

Dated: November 3, 2020　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 3, 2020.

　　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　　Case Manager